FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUL 1 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CHARLES CHALOM, et al. ) | |
| Plaintiffs, ) | No. 06-CV-1706 (JBW) |
| v. ) | |
| JOHN P. DENARO, ) | ORDER |
| Defendant. ) | |

JACK B. WEINSTEIN, Senior United States District Judge:

This is a prima facie tort and defamation action brought by Charles Chalom, president and proprietor of three automobile dealerships, against John Denaro, an employee of General Motors Acceptance Corporation. At issue are statements defendant allegedly made through others, which allegedly caused plaintiff's businesses to suffer financial loss.

Plaintiff is a New York domiciliary and defendant is a Connecticut domiciliary. The court has diversity jurisdiction. *See* 28 U.S.C. § 1332. The parties agree that New York State substantive law governs. Defendant moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss.

The gravamen of the claim is plaintiff's suspicions about possibly "defaming" statements made by defendant through his agent to a grand jury, leading to an indictment in a pending federal criminal prosecution.

Grand jury testimony is protected by an absolute privilege. *See San Filippo v. U.S. Trust Co.*, 737 F.2d 246, 254 (2d Cir. 1984). It cannot provide the basis for a civil suit. *See Toker v. Pollak*, 44 N.Y.2d 211, 219-20 (N.Y. 1978); Restatement (Second) of Torts § 588; *see also Murray v. Northrop Grumman Info. Tech., Inc.*, 444 F.3d 169, 175 (2d Cir. 2006). A full oral statement of the circumstances leading to the claim presented by plaintiff's counsel during



argument makes it apparent that plaintiff will be unable to amend his complaint at this time to meet the requirements of New York State for a defamation or prima facie tort claim. N.Y. C.P.L.R. 3016(a) (McKinney 2003). *Cf. Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314, 332 (N.Y. 1983) (requisites for prima facie tort); *Dillon v. City of New York*, 261 A.D.2d 34, 38 (N.Y. App. Div. 1999) (elements of defamation/slander). For this reason, and those stated more fully orally on the record at the argument, plaintiff's motion to dismiss is granted without prejudice. Leave to amend is denied, since no valid complaint can be framed on the present state of facts while the grand jury minutes are sealed. No costs or disbursements are granted.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: June 20, 2006
Brooklyn, NY